IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

RODDRICK GREEN                                                          PLAINTIFF

VS.                                              CIVIL ACTION NO. 2:14cv111-KS-MTP

R & BW INC. McDONALD'S, *et al.*                                        DEFENDANTS

<u>REPORT AND RECOMMENDATION</u>

THIS MATTER is before the court *sua sponte* upon the plaintiff's failure to serve process and to otherwise comply with the court's order [7] of October 27, 2014.  Having reviewed the entire record in this matter, the undersigned recommends that this case be dismissed without prejudice.

**Procedural History**

On or about July 15, 2014, plaintiff Roddrick Green ("Green") filed this complaint against the defendants alleging personal injuries.  Subsequently, he filed three amended complaints[1] naming additional defendants and alleging claims for failure to obtain disability, sexual harassment, failure to provide information, among others.  Green is not proceeding *in forma pauperis* and, as such, it is his obligation to serve process on the defendants.

The docket reflecting that plaintiff had failed to serve process upon the defendants or to otherwise prosecute this matter, the undersigned issued an order [7] on October 27, 2014, directing the plaintiff to complete service of process on or before December 16, 2014, or to demonstrate good cause for extending the time for service of process; otherwise, the court would recommend dismissal.

Plaintiff did not have process issued or served as required by the order and has not responded to the order or demonstrated any good cause for further delay.   Thus, over five months after this case was filed, plaintiff has not served process and has not demonstrated good

_____

[1]*See* Docket [3][5] and [6].

cause to justify further delay.  Accordingly, the undersigned recommends that this matter be dismissed without prejudice.

## Legal Analysis

Pursuant to Federal Rule of Civil Procedure 41(b),[2] a trial court has discretionary authority to dismiss an action *sua sponte* for the plaintiff's failure to prosecute or comply with any order of the court.  *See Link v. Wabash Railroad Co.,* 370 U.S. 626, 630 (1962); *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998).  The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to...clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief...so as to achieve the orderly and expeditious disposition of cases."  *Link v. Wabash,* 370 U.S.  at 629-31;  *see also Lopez v. Aransas County Indep. Sch. Dist.,* 570 F.2d 541, 544 (5th Cir. 1978)(discussing trial court's rule 41(b) discretionary authority).  This case exemplifies the type of inaction that warrants rule 41(b) dismissal.

Additionally, rule 4 of the Federal Rules of Civil Procedure provides: "If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice...." Fed. R. Civ P. 4 (m).[3]  As plaintiff has failed to serve process in compliance with the rule after notice by the court that such failure may result in a dismissal, dismissal is appropriate under Federal Rule of Civil Procedure 4 (m).

## Recommendation

As the plaintiff has failed to serve process or to otherwise prosecute this case, it is the recommendation of the undersigned that this matter be DISMISSED WITHOUT PREJUDICE pursuant to Federal Rules of Civil Procedure 41(b) and 4 (m) .

---

[2]"If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

[3]The rule also permits the court to extend the time period on a showing of good cause for failure to serve process in a timely manner.  Plaintiff has made no such showing.

**NOTICE OF RIGHT TO OBJECT**

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 6th day of January, 2014.

s/ Michael T. Parker
United States Magistrate Judge